UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
AVEMARIA THOMPSON,　　　　　　　　　　　　　　**ORDER**
　　　　　　　　　　　　　　　　　　　　　　　　　　14–CV–2473(JMA) (AKT)
　　　　　　　Plaintiff,

　　　　　　　v.

THOMAS J. SPOTA, ROBERT EWALD,
 and KATHLEEN WAGNER,

　　　　　　　Defendants.
-----------------------------------------------------------------------X

**AZRACK, United States District Judge:**

　　　　Defendants Thomas J. Spota and Robert Ewald (collectively "defendants") appeal Magistrate Judge Tomlinson's March 31, 2015 Order ("March 31 Order") granting in part and denying in part plaintiff's motion to amend the complaint.  Among other things, the March 31 Order allowed plaintiff to: (1) add Suffolk County as a defendant; (2) add race discrimination, hostile work environment and retaliation claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"); (3) add race discrimination and retaliation claims under 42 U.S.C. §§ 1981 and 1983; and (4) withdraw all claims against defendant Kathleen Wagner. Defendants appeal the March 31 Order only to the extent that the order granted plaintiff leave to add failure to promote and race-based hostile work environment claims.  Plaintiff has not responded to defendants' objections to the March 31 Order or cross-appealed.

　　　　Familiarity with the allegations in plaintiff's proposed amended complaint, the parties' motion papers and defendants' objections to the March 31 Order is assumed.  For the reasons that follow, the March 31 Order is affirmed in part and reversed in part.

## I. STANDARD OF REVIEW

The applicable standard of review depends on whether plaintiff's motion to amend is a dispositive or non-dispositive motion. If plaintiff's motion is dispositive, the Court reviews the March 31 Order de novo. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). If, on the other hand, plaintiff's motion is non-dispositive, the Court must determine whether the March 31 Order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a).

District courts in Second Circuit are "divided about whether a motion for leave to amend a complaint is a dispositive or non-dispositive matter." Allen v. United Parcel Serv., Inc., 988 F. Supp. 2d 293, 297 (E.D.N.Y. 2013). Some courts "have suggested that a magistrate judge's denial of a motion to amend a complaint should be treated as dispositive, while a grant of the same motion should be treated as non-dispositive." Tyree v. Zenk, No. 05–CV–2998, 2009 WL 1456554, at *3 (E.D.N.Y. May 22, 2009). Because the Court would reach the same conclusion under either standard of review, the Court does not resolve which standard applies.

## II. DISCUSSION

### A. Failure to Promote

Defendants assert that Judge Tomlinson erred in concluding that plaintiff should be granted leave to assert a race discrimination claim based on an alleged failure to promote theory. Defendants argue, among other things, that plaintiff did not assert a failure to promote claim in the proposed amended complaint and, even if she had, that claim would be time-barred.

It is unclear from plaintiff's proposed amended complaint and her motion papers whether she intended to raise a failure to promote claim. Thus, reviewing the allegations in the amended complaint in the light most favorable to plaintiff, Judge Tomlinson understandably construed the proposed amended complaint to include a failure to promote claim.

If plaintiff intended to assert a failure to promote claim, such a claim would be time-barred under Title VII (which, in this case, has a 300-day statute of limitations) and 42 U.S.C. §§ 1981 and 1983 (which, in this case, have four-year and three-year statutes of limitations, respectively). At the very latest, any failure to promote claim accrued by the time plaintiff was promoted out of the District Court Bureau on December 31, 2008. However, plaintiff waited over four years to file a discrimination complaint with the New York State Department of Human Rights and did not file the present action until April 17, 2014, making any failure to promote claim untimely. Furthermore, plaintiff has not asserted any basis for either equitable tolling or application of the continuing violation doctrine. Accordingly, the Court reverses the March 31 Order to the extent that it granted plaintiff leave to file an amended complaint asserting a failure to promote claim.[1]

**B. Hostile Work Environment**

Defendants contend that Judge Tomlinson erred in granting plaintiff leave to file an amended complaint that included a race-based hostile work environment claim under Title VII because the allegations in the proposed amended complaint do not plausibly allege that defendants created a hostile work environment because of plaintiff's race. There was no error. While none of plaintiff's allegations discussed in the March 31 Order would have, standing alone, sufficed to plausibly allege a race-based hostile work environment claim, collectively those allegations plausibly state such a claim. Furthermore, to the extent defendants raise a statute of limitations defense, the Court cannot conclude, based on the allegations in the

---

[1] The Court reaches this conclusion reluctantly. Judge Tomlinson was obligated to construe the allegations in the complaint favorably to plaintiff. Plaintiff's proposed amended complaint and motion papers were, at best, vague as to whether plaintiff was asserting a failure to promote claim. Defendants did not argue in their opposition to plaintiff's motion to amend that any failure to promote claim would be untimely, presumably because they did not construe the proposed amended complaint as asserting a failure to promote claim. Nevertheless, it would be a waste of resources for plaintiff to file an amended complaint asserting a cause of action that is time-barred. Moreover, even if the Court affirmed Judge Tomlinson on this issue, defendants could presumably raise the statute of limitations defense in a motion to dismiss when they respond to the amended complaint.

proposed amended complaint, whether plaintiff's claim is necessarily barred, in whole or in part, by Title VII's 300-day statute of limitations.

Judge Tomlinson's ruling granting plaintiff leave to file an amended complaint asserting a race-based hostile work environment claim under Title VII is affirmed.

### III.   CONCLUSION

For the foregoing reasons, the March 31 Order is affirmed in part and reversed in part. Within 15 days of the date of this Order, plaintiff must file an amended complaint consistent with (1) the unchallenged aspects of the March 31 Order and (2) this Order.

**SO ORDERED.**

Dated: July 15, 2015
Central Islip, New York

/s/    JMA
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE