GISKAN SOLOTAROFF ANDERSON & STEWART LLP
11 Broadway, Suite 2150
New York, New York 10004
(646) 964-9640
Jason L. Solotaroff
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

AVEMARIA THOMPSON,

                Plaintiff,           Civ. No.: 14-CV-02473(JMA)(AKT)

       -against-                **AMENDED COMPLAINT**

                                              **JURY TRIAL DEMANDED**

THOMAS J. SPOTA, ROBERT EWALD, and
SUFFOLK COUNTY,

                Defendants.

-------------------------------------------------------------------X

Plaintiff AveMaria Thompson, by her attorneys Giskan Solotaroff Anderson & Stewart LLP, for her complaint against Defendants, alleges as follows:

**Nature of the Action and Preliminary Statement**

1. This is an action for race discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, and 42 U.S.C. §1983, against Thomas J. Spota, the Suffolk County District Attorney ("Suffolk DA"), Narcotics Bureau Chief Robert Ewald, and Suffolk County, by Plaintiff AveMaria Thompson, an African-American attorney and former Suffolk County Assistant District Attorney ("ADA").

1

2. Ms. Thompson was one of the disproportionately few African-American ADA's hired by the Suffolk DA's Office. Even though Ms. Thompson was hired by the Suffolk DA's Office after three years of experience in the Queens County DA's Office, it took her far longer to get promoted out of the entry-level District Court Bureau than it took other ADAs with no prior prosecutorial experience.

3. Although Ms. Thompson was eventually promoted to the Case Advisory Bureau and then to the Narcotics Bureau, she continued to be subjected to discriminatory treatment. For example, when Ms. Thompson joined the Narcotics Bureau, Mr. Ewald directed her to read a pornographic poem including references to sexual positions and oral sex and became angry when Ms. Thompson refused. Mr. Ewald also subjected Ms. Thompson to a steady barrage of sexually harassing and racially offensive jokes and remarks.

4. Ms. Thompson nevertheless performed her duties in an exemplary manner and received consistently positive reviews.

5. In February 2013, Ms. Thompson had a disagreement with another Assistant District Attorney, Kathleen Wagner, about coverage of a case. When Ms. Thompson explained to Ms. Wagner that a particular judge would not allow Ms. Thompson to cover Wagner's case, Ms. Wagner referred to Ms. Thompson as a "monkey in a suit."

6. Ms. Thompson sent an email to Ms. Wagner complaining about being referred to as a monkey and explaining that the remark was hurtful and offensive to her as an African-American.

7. After Ms. Wagner forwarded Ms. Thompson's email to Defendant Ewald, an investigation was begun concerning the time Ms. Thompson arrived at the office for work. Like

many Suffolk ADAs, Ms. Thompson arrived for work between 9 am and 9:30 am. On information and belief, no other Suffolk ADA was investigated in this manner.

8. On May 29, 2013, Defendant Spota terminated Ms. Thompson's employment on grounds related to her alleged lateness for work. She was terminated on this basis even though she was never late to a court appearance and arrived at the office at the same time as most of her fellow ADAs.

9. On September 23, 2013, Ms. Thompson made a complaint of race and sex discrimination and retaliation to The New York State Division of Human Rights ("NYSDHR") and the Equal Employment Opportunity Commission ("EEOC"). After an investigation, the NYSDHR found probable cause that the Suffolk County District Attorney's Office had discriminated and retaliated against Ms. Thompson. The NYSDHR based its finding, among other things, on fact that the Suffolk DA only terminated one other ADA in 2013 – a dark skinned female of South Asian national origin.

10. On June 25, 2014, the NYSDHR granted Ms. Thompson's request to dismiss its case for administrative convenience so that Ms. Thompson could pursue remedies in this Court. On July 1, 2014, the EEOC issued Ms. Thompson a right to sue letter.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1331. This Court has personal jurisdiction over Defendants because they all work and, on information and belief, reside in this district.

12. Venue is properly before this Court pursuant to 28 U.S.C. §1391(a) as a substantial part of the events giving rise to the claim occurred in this district.

# THE PARTIES

13. Plaintiff AveMaria Thompson is a resident of Suffolk County.

14. Defendant Thomas Spota is the District Attorney of Suffolk County. He is being sued in his official and individual capacity. He is a resident of Suffolk County.

15. Defendant Robert Ewald is an Assistant District Attorney in Suffolk County and the chief of the Narcotics Bureau. On information and belief, he is a resident of Suffolk County.

16. Defendant Suffolk County is a governmental entity organized under the laws of the State of New York. Based on the fact that Plaintiff's paychecks were issued by Suffolk County, Suffolk County is an employer of Plaintiff for purposes of Title VII.

# THE FACTS

**A. Background**

17. Ms. Thompson is a 2000 graduate of the Touro College Jacob D. Fuchsberg Law Center. Upon graduating from law school, Ms. Thompson was hired by the Queens County District Attorney's Office, where she worked for three years.

18. In 2003, Ms. Thompson was hired by the Suffolk County DA's office. At that time, Ms. Thompson was one of approximately three African-American ADAs out of an approximate total of 180 ADAs employed in the office. From then, until she was terminated in 2013, there were never more than five African-American ADAs of the approximate 180 total ADAs in the office. Moreover, on information and belief, there has never been an African-American bureau chief or assistant bureau chief in the Suffolk DA's Office.

19. Like all newly hired Suffolk ADAs, Ms. Thompson was assigned to the District Court Bureau to handle misdemeanor cases. Ms. Thompson, however, remained in that assignment far longer than her newly hired white colleagues. While white ADAs generally were

promoted out of the District Court Bureau within two to three years, Ms. Thompson remained in that bureau for five years before finally receiving a promotion in 2008 to the Case Advisory Bureau.

20.     Ms. Thompson worked in the Case Advisory Bureau for one year before receiving a promotion to the Narcotics Bureau in 2009.

**B.     Defendants' Actionable Conduct**

21.     Defendant Ewald was and remains the Chief of the Narcotics Bureau. Ewald subjected Ms. Thompson to a hostile work environment of severe discrimination and harassment. This included:

- Requesting Ms. Thompson to recite in front of the other Narcotics ADAs a pornographic poem that included references to sexual positions and oral sex and ridiculing Ms. Thompson when she refused to agree;

- Constantly making racially and sexually offensive jokes in Ms. Thompson's presence including asking Ms. Thompson about the penis size of Jamaican men;

- Tolerating harassment of Ms. Thompson by other white ADAs that included locking Ms. Thompson out of her office on a daily basis;

- Making insensitive references to amputees with the knowledge that Ms. Thompson's husband was an amputee.

22.     White employees were not subjected to this level of harassment.

23.     In February 2013, Ms. Thompson had a conversation with Defendant Wagner, another ADA in the Narcotics Bureau, in which Ms. Thompson told Ms. Wagner that a judge had not permitted Ms. Thompson to cover one of Ms. Wagner's cases. Ms. Wagner than referred to Ms. Thompson as a "monkey in a suit."

24. The next day, Ms. Thompson sent Ms. Wagner an email complaining about being referred to as a monkey and explaining that the reference was deeply offensive to her as an African-American. Ms. Wagner then forwarded the email to Defendant Ewald.

25. Defendant Ewald immediately began to retaliate against Ms. Thompson.

26. Although it was office policy that ADAs be at work at 9:00 a.m., many white ADAs arrived between 9:00 and 9:30 a.m. or even later.

27. Yet Defendants singled out Ms. Thompson for an investigation of the time she arrived at work, requesting information about her key card entries. Even though white Suffolk County ADAs arrived at work at the same times as Ms. Thompson, on information and belief, their key card entries were not reviewed.

28. On May 29, 2013, Defendant Spota terminated Ms. Thompson's employment, allegedly on the ground of frequent lateness to work. No white ADAs was terminated on this ground even though many white ADAs arrived at work at the same times Ms. Thompson arrived and/or regularly left work early.

29. Indeed, it is the custom of the Suffolk County DA that white ADAs who engage in far more serious misbehavior, such as alcohol abuse at work, are not terminated and, at most, are asked to resign, which assists them in obtaining future employment. Meanwhile, as a result of being terminated from her position as a Suffolk ADA, Ms. Thompson has been unable to find comparable employment.

30. After her termination, Ms. Thompson filed a discrimination and retaliation complaint with the New York State Division of Human Rights ("NYSDHR"). On March 21, 2014, the NYSDHR found probable cause to support the discrimination and retaliation complaint.

## FIRST CLAIM FOR RELIEF
(Race Discrimination in Violation of 42 U.S.C. §1983)
(Against Defendants Spota and Ewald)

31. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

32. Defendants Spota and Ewald, acting under color and authority of state law, violated Plaintiff's constitutional rights by discriminating against Plaintiff in the terms and conditions of her employment based on her race in violation of 42 U.S.C. §1983.

## SECOND CLAIM FOR RELIEF
(Retaliation Against Plaintiff in Violation of 42 U.S.C. §1981 and §1983)
(Against Defendants Spota and Ewald)

33. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

34. Defendants Spota and Ewald, acting under color and authority of state law, violated Plaintiff's constitutional rights by terminating her employment in retaliation for her complaints of, and opposition to, race discrimination in violation of 42 U.S.C. §1981 and §1983.

## THIRD CLAIM FOR RELIEF
(Race Discrimination Against Plaintiff In Violation of Title VII)
(Against Defendant Suffolk County)

35. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

36. Defendant Suffolk County subjected Plaintiff to a hostile work environment and discriminated against her in the terms and conditions of her employment on account of her race in violation of Title VII of the Civil Rights Act of 1964.

## FOURTH CLAIM FOR RELIEF
(Retaliation Against Plaintiff In Violation of Title VII)
(Against Defendant Suffolk County)

37. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

38. Defendant Suffolk County retaliated against Plaintiff by terminating her employment in retaliation for her complaints of race discrimination in violation of Title VII of the Civil Rights Act of 1964.

## JURY DEMAND

Plaintiff demands trial by jury of all issues as of right by a jury.

**WHEREFORE**, Plaintiff demands judgment against Defendants:

A. Awarding Plaintiff injunctive relief in the form of an order requiring Defendants to reinstate Plaintiff to her former position and to refrain from discriminating and retaliating against her thereafter;

B. Awarding Plaintiff lost wages and compensatory damages including damages for emotional distress;

C. Awarding Plaintiff punitive damages;

D. Awarding reasonable attorneys' fees, costs, and expenses; and,

Granting such other legal and equitable relief to the Plaintiff as the Court may deem just and equitable.

Dated: New York, New York
July 24, 2015

>GISKAN, SOLOTAROFF, ANDERSON &
>STEWART LLP
>
>/s
>_____
>By: Jason L. Solotaroff
>jsolotaroff@gslawny.com
>11 Broadway, Suite 2150
>New York, New York 10004
>646-964-9640
>ATTORNEYS FOR PLAINTIFF