```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                    For Online Publication Only
----------------------------------------------------------------X
AVEMARIA THOMPSON,

                        Plaintiff,

            -against-                            **ORDER**
                                                 14-CV-2473 (JMA)(AKT)
THOMAS J. SPOTA, ROBERT EWALD, and
SUFFOLK COUNTY,

                        Defendants.
----------------------------------------------------------------X
```

**AZRACK, United States District Judge:**

On April 17, 2014, plaintiff AveMaria Thompson, an African-American attorney and former Suffolk County Assistant District Attorney ("ADA"), commenced this action against her former employer, Suffolk County (the "County") and her former supervisors, former Suffolk County District Attorney Thomas J. Spota ("Spota"), and Narcotics Bureau Chief Robert Ewald ("Ewald") (collectively, "Defendants"). Plaintiff was granted leave to file an amended complaint, and did so on July 24, 2015. (See Amended Compl., ECF No. 46.) In her amended complaint, plaintiff, who was terminated from the Suffolk County District Attorney's Office in 2013, asserted causes of action for (1) race discrimination pursuant to 42 U.S.C. § 1983 (against Spota and Ewald); (2) retaliation pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1981 (against Spota and Ewald); (3) racial discrimination and hostile work environment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") (against the County); and (4) retaliation in violation of Title VII (against the County). (See Amended Compl.) On November 17, 2017, defendants Spota and Ewald filed a motion for summary judgement, as did the County. On May 11, 2018, I referred these motions to Magistrate Judge Tomlinson for a Report and Recommendation ("R&R").

On August 23, 2018, Judge Tomlinson issued an R&R recommending that Defendants' motions for summary judgment be GRANTED in part and DENIED in part as follows: (1) all claims against Ewald be dismissed in their entirety; (2) plaintiff's retaliation and hostile work environment claims against all Defendants be dismissed in their entirety; (3) plaintiff's race discrimination claims against Spota and the County pursuant to Section 1983 proceed to trial; and (4) plaintiff's race discrimination claim against the County pursuant to Title VII proceed to trial. (ECF No. 115.)

Now, before the Court are three sets of objections to Judge Tomlinson's R&R by: (1) Plaintiff; (2) Spota in his individual capacity ("Individual Defendant Spota"); and (3) the County and Spota in his official capacity (the "County Defendants").

In his objections, Individual Defendant Spota argues that Judge Tomlinson erred in recommending partial denial of Defendants' motion for summary judgment as to plaintiff's race discrimination claim by: (1) concluding that plaintiff proffered sufficient evidence of other ADAs outside her protected class who were similarly situated and treated better than plaintiff; (2) refusing to consider Defendants' arguments and affidavits submitted in their reply papers addressing a change in disciplinary policy which Defendants argued negated a suggestion of pretext; (3) concluding that there was sufficient evidence of pretext.

In their objections, the County Defendants similarly argue that Judge Tomlinson erred in recommending partial denial of Defendants' motion for summary judgment as to plaintiff's race discrimination claim by: (1) misapplying the law and facts in finding that plaintiff satisfied her burden of establishing a prima facie case for race discrimination under Section 1983 and Title VII; (2) erred in not affording appropriate weight to the finding that there were legitimate, non-discriminatory reasons for terminating plaintiff's employment; and (3) misapplied the burden-

shifting analysis of McDonnel Douglas v. Green, 411 U.S. 792 (1973) in finding that there was sufficient evidence of pretext.

In her objections, plaintiff argues that Judge Tomlinson erred in recommending that the Court grant Defendants' motions for summary judgment on plaintiff's retaliation claims under Section 1983 and Title VII against Individual Defendant Spota and the County Defendants. Specifically, plaintiff argues that Judge Tomlinson erred: (1) in finding that plaintiff had not engaged in a protected activity; (2) in finding that plaintiff had not established Spota's knowledge of her complaint; and (3) in finding that her termination was part of a period of progressive discipline, negating an inference of retaliatory intent.

In reviewing a magistrate judge's report and recommendation, the court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s][are] made." 28 U.S.C. § 636(b)(1)(C); see also Brown v. Ebert, No. 05–CV–5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error. See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

I have undertaken a de novo review of the record, the R&R, the instant objections and oppositions to those objections and agree with Judge Tomlinson's R&R and adopt it as the opinion of the Court.

Accordingly, Defendants' motions for summary judgement are GRANTED in part and DENIED in part as follows: (1) all claims against Ewald are dismissed in their entirety; (2) plaintiff's retaliation and hostile work environment claims against all Defendants are dismissed in

their entirety; (3) plaintiff's race discrimination claims against Spota and the County pursuant to Section 1983 shall proceed to trial; and (4) plaintiff's race discrimination claim against the County pursuant to Title VII shall proceed to trial.

**SO ORDERED.**

Date: September 30, 2018
Central Islip, New York

                                          /s/ (JMA)
                                    JOAN M. AZRACK
                                    UNITED STATES DISTRICT JUDGE